## Cole Motor Company, Appellee, v. Centaur Motor Company of Illinois, Appellant.

### Gen. No. 20,946.   (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. J. J. COOKE, Judge, presiding. Heard in this court at the March term, 1915. Reversed and remanded. Opinion filed November 15, 1915.

## Statement of the Case.

Action by the Cole Motor Company, a corporation, plaintiff, against the Centaur Motor Company of Illinois, a corporation, defendant, in the County Court of Cook county, to recover for the conversion of an automobile. From a judgment for plaintiff, defendant appeals.

MILLER, GORHAM & WALES, for appellant.

WALTER F. OLDS, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. INSTRUCTIONS, § 85*—*when instruction as to burden of proof improper.* In an action of trover to recover for the conversion of an automobile, where the conversion was by defendant's agent, an

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

instruction that the burden was on the defendant to show by a preponderance of evidence that in doing the acts constituting the conversion such agent was not acting for defendant is erroneous.

2. TROVER AND CONVERSION, § 47*—*what proper measure of damages.* In an action to recover damages for the conversion of an automobile, the measure of damages is the value of the automobile at the time of the conversion.

3. CHATTEL MORTGAGES, § 224*—*when purchaser of property charged with notice.* Where a chattel mortgage duly recorded provides that if the mortgagor sells or assigns the mortgaged property the mortgage debt shall at once become due and payable "without notice to any one," and that the mortgagee in such case at its option may take immediate possession of the mortgaged property, any person claiming title to the mortgaged property under the mortgagor is charged with notice of the provisions of the mortgage, and such person taking under the mortgagor is not entitled to notice if the mortgagee exercises its option.

4. TROVER AND CONVERSION, § 36*—*what sufficient to show conversion.* Where the facts relied upon to prove a conversion are that an agent of· defendant negotiated a sale of the property converted, and where a second sale of such property took place the same day, it is unimportant whether the conversion took place at the first or second sale.